

FILED

12/17/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0501

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 21-0501

---

BART J. CRABTREE,

      Petitioner and Appellant,

v.

STATE OF MONTANA,

      Respondent and Appellee.

---

FILED

DEC 1 7 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

This Court reviews briefs to ensure compliance with Rules 11 and 12 of the Montana Rules of Appellate Procedure. After reviewing the Appellant's opening brief filed on December 16, 2021, this Court has determined that the brief does not comply with the Rules and must be resubmitted.

M. R. App. P. 11(2) provides that:

> Either a proportionately-spaced typeface of 14 points or more, or a monospaced typeface of no more than 10.5 characters per inch may be used in a brief, appendix, petition, motion, or other paper. A proportionately-spaced typeface has characters with different widths. A monospaced typeface has characters with the same advanced width. The brief's covers and the components of the brief excluded from the word count computation are exempt from the 14-point typeface requirement. Text shall be in roman, non-script text. Case names, headings, and signals may be underlined or in italics or in bold.

Appellant's opening brief does not comply with this rule.

M. R. App. P. 11(4) provides rules regarding word limits for briefs, particularly that:

> (a) Proportionately-spaced briefs. A principal brief shall not exceed 10,000 words and a reply brief or amicus brief shall not exceed 5,000 words. This includes reply briefs which also answer a cross-appellant's principal brief.

> (b) Monotype or typewritten briefs or petitions. A principal brief prepared in a monospaced typeface shall not exceed 30 pages and a reply

brief or amicus brief shall not exceed 14 pages. This includes reply briefs which also answer a cross-appellant's principal brief.

. . .

(d) Exclusions. The word and page limits under sections (4)(a), (b), and (c) of this rule do not include table of contents, table of citations, certificate of service, certificate of compliance, or any appendix containing statutes, rules, regulations, and other pertinent matters.

(e) Certificate of compliance. A brief must be accompanied by certification of compliance which states the document's line spacing and states either: (1) the document is proportionately spaced, together with the typeface, point size, and word count; or (2) the document uses a monospaced typeface, together with the number of characters per inch and word count, or, the number of counted pages, pursuant to section (4)(b) or (c) of this rule. A party preparing this certificate may rely on the word count of the word processing system used to prepare the brief. The certification is not included in calculating the document's length.

Appellant's opening brief does not contain a certificate of compliance certifying that it meets these requirements.

M. R. App. P. 11(6)(a) provides that the cover of the appellant's opening brief shall be blue, Appellant's brief was submitted with a white cover.

M. R. App. P. 12(1) provides that the appellant's opening brief must contain the following *in the order indicated*:

(a) A table of contents, with page references, and a table of cases (*alphabetically arranged*), statutes and other authorities cited, with references to the pages of the brief where they are cited;

(b) A statement of the issues presented for review. Parties are encouraged to limit the number of issues to 4 or fewer;

(c) A statement of the case. The statement shall first indicate briefly the nature of the case and its procedural disposition in the court below. Only that procedural background which is relevant to the issue or issues raised shall be included in the statement of the case;

(d) A statement of the facts relevant to the issues presented for review, *with references to the pages or the parts of the record at which material facts appear*;

(e) A statement of the standard of review as to each issue raised, together with a citation of authority;

(f) A summary of the argument. The summary shall contain a succinct, clear, and accurate statement of the arguments made in the body of the brief and not be a mere repetition of the argument headings;

(g) An argument. The argument shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes, and pages of the record relied on;

(h) A short conclusion stating the precise relief sought; and

(i) An appendix that includes *the relevant judgment, order(s), findings of fact, conclusions of law, jury instruction(s), ruling(s), or decision(s) from which the appeal is taken* together with any written memorandum or rationale of the court, and those pages of the transcript containing any oral ruling in support. *This appendix shall include a table of contents* and plain paper tabs and may be a separately-bound document if the volume of the required attachments makes this necessary.

(emphasis added). While Appellant's brief meets a few of these requirements, it is substantially out of compliance with the majority of these provisions. Appellant shall make the appropriate formatting and content changes necessary to bring his opening brief into compliance with these rules. Therefore,

IT IS ORDERED that the signed original and seven copies of the referenced brief be returned for revisions necessary to comply with the specified Rules;

IT IS FURTHER ORDERED that a signed original and seven copies of the revised brief ordered herein be filed within fourteen (14) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that no changes, additions, or deletions other than those specified in this Order may be made to the brief as originally filed;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellant's brief will be billed to Appellant by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained

in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to Appellant and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 17th day of December, 2021.

For the Court,

By _Jim Rice_

Justice